IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM WINTERS, ) | CIVIL ACTION |
| Plaintiff, ) | NO. 14-CV-6435 |
| vs. ) | FIRST AMENDED COMPLAINT [1] |
| CASELLA WASTE SYSTEM, INC., individually ) and in its Capacity as Fiduciary and Plan ) Administrator of the CASELLA WASTE ) SYSTEM, INC. EMPLOYEE BENEFIT PLAN, ) CASELLA WASTE MANAGEMENT OF ) N.Y., INC., CHARLES E. SCHIMMEL, SR., ) SCHIMMEL & SONS BUILDING & ) MAINTENANCE, CHARLES E. SCHIMMEL ) JR., JACOB F. SCHIMMEL, and SCHIMMEL & ) SONS BUILDING & MAINTENANCE, ) | Plaintiff's Counsel: David Chrispell, Esq. NY Id. No. 2514016 815 Busti Sugargrove Rd. Jamestown, NY  14701 T:  (716) 664-1558 F:  (716) 664-2463 |
| Defendants. ) | Richard Shenkan, Esq. Shenkan Injury Lawyers, LLC. 6550 Lakeshore St. West Bloomfield, MI  48323 T: (248) 562-1320 F: (888) 769-1774 *Admitted Pro Hac Vice* |

_____

[1]   Defendants Casella Waste System, Inc., Casella Waste System, Inc. Employee Benefit Plan, and Casella Waste Management of N.Y., Inc.

## FIRST AMENDED COMPLAINT

1.     Plaintiff Tom Winters brings this action to secure redress from Defendant Casella Waste System, Inc. ("Employer / Plan Administrator") for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001 *et seq*. More specifically, Plaintiff alleges violation of the amendments to ERISA in the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 USC §§1161-1168, and also pursuant to 28 USC §1331.

2.     COBRA requires that an employer must provide the plan administrator with notice of any qualifying event concerning a covered employee or qualified beneficiary within thirty days of that qualifying event, and the plan administrator then must notify the qualified individual of his rights under COBRA within fourteen days of receiving that notice. An employee experiencing a qualifying event has sixty days from the coverage termination or date of notice of COBRA rights, whichever is later, to elect to continue his benefits under COBRA.

3.     COBRA creates a private cause of action for employees whose rights under COBRA, including rights to notice, are violated.

4.     When an employee is provided health insurance benefits until a time later than his last day of work, the exhaustion of a plaintiff's right to health insurance coverage under the employer is the qualifying event under COBRA.

5.     Plaintiff alleges that Defendant violated COBRA by failing to provide timely COBRA election notices following Defendant's termination of Plaintiff's health insurance benefits.

6.      Plaintiff also alleges negligence on behalf of Defendant Casella Waste Management of N.Y., Inc. ("Property owner") for negligent failure to properly maintain its premises so that the premises was reasonably safe for use by Plaintiff.

7.      Plaintiff also alleges negligence by the Schimmel Defendants for failure to replace and/or repair the subject dock and stairs in a timely manner.

## VENUE AND JURISDICTION

8.      This Court has jurisdiction under 28 U.S.C. §1331, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391.

9.      Venue and personal jurisdiction in this district are proper for the reason that the unlawful acts alleged occurred within this District.

## PARTIES

10.     Plaintiff is an individual who resides at 121 Prospect St., Sayre, Pennsylvania.

11.     Defendant Casella Waste Systems, Inc. ("Casella") is a Delaware corporation, that has a principal place of business in Elmira, Chemung County, New York and its principal corporate office at 25 Greens Hill Lane, Rutland, VT 05701. The Chief Executive Officer of Casella is John W. Casella.

12.     Casella is a publicly traded company which reported revenues for the first quarter of 2014 in the amount of $118.9 Million.

13.     Casella has implemented an Employee Benefit Plan which provides, inter alia, health benefits to its employees, which is partially insured through Blue Cross and Blue Shield and partially self-funded. The plan has more than 1,200 participants. Plaintiff was one of those participants.

14.     Defendant Casella Waste Management of N.Y., Inc. ("Property Owner") is a New York corporation, that owns the subject real estate leased to Casella Waste System, Inc. Its principal corporate office is located in the same building as Casella Waste Systems, Inc. at 25 Greens Hill Lane, Rutland, VT, 05701. Like Casella, the Property Owner's Chief Executive Officer is John W. Casella.

15.     Casella Waste Management of N.Y., Inc. is a separate and distinct business from Plaintiff's sole Employer, Casella Waste Systems, Inc.

16.     Casella Waste Management of N.Y., Inc. is owned and managed by officers and/or directors of Casella Waste Systems, Inc.

17.     Plaintiff was, at all relevant times, an employee of Casella Waste Systems, Inc. only, and no dual employment relationship existed.

18.     Casella Waste Management of N.Y., Inc. Casella Waste Systems, Inc. and its tenant, Casella Waste Systems, Inc., at the direction of John Casella, serving as CEO of both enterprises, have orchestrated a system whereby when Casella has actual and/or constructive notice of a dangerous condition (such as the subject defective dock / stairs at issue), at property owned by Casella Waste Management of N.Y., Inc. and leased to Casella Waste Systems, Inc., when an agent of Casella reports a defect to Casella management.

19.     At all relevant times, Casella Waste Management of N.Y., Inc. had the absolute right to perform inspections at its discretion at any of its premises leased to Casella at any time.

20.     Defendant Charles E. Schimmel Sr. is an adult individual t/d/b/a Schimmel & Sons Building & Maintenance, with an address at 21 N. Main St., Prattsburgh, NY 14873.

21.     In the alternative, Schimmel & Sons Building and Maintenance is a general partnership with an address at 21 N. Main St., Prattsburgh, NY 14873, with partners consisting of Charles E. Schimmel, Sr., Charles E. Schimmel, Jr., and/or Jacob F. Schimmel.

22.     Jacob F. Schimmel is an adult individual with an address of 9985 Muck Road, Prattsburgh, NY 14873.

23.     Charles E. Schimmel, Jr., is an adult individual with an address of 7491 Town Line Road, Prattsburgh, NY 14873.

24.     From this point forward in this amended complaint, the term "Schimmel" shall refer to Charles E. Schimmel, Sr., Charles E. Schimmel, Jr., and/or Jacob F. Schimmel, Schimmel & Sons Building & Maintenance, and/or Schimmel & Sons Building & Maintenance.

## FACTS

25.     At the time of Plaintiff's injury, Plaintiff was employed by Defendant Employer as a garbage truck driver.

26.     Through Plaintiff's employment with Defendant Employer, Plaintiff was provided with a group health plan.  Blue Cross Blue Shield are believed to have acted as a third party administrator for the self-funded plan.

27.     On or about August 6, 2012, Plaintiff was injured in a work-related incident, wherein Plaintiff fell through stairs and dock at premises owned and maintained by Casella Waste Management of NY, Inc. "Property Owner").

28.     Shortly after Plaintiff's fall, Charles E. Schimmel, Sr., Charles Schimmel, Jr., or Jacob Schimmel told Plaintiff that Casella knew about the steps being in disrepair and had even taken steps to contact Schimmel to arrange for their repair.

29.     Notwithstanding the foregoing, however, neither Casella Waste Management of NY, Inc. took any affirmative steps to warn Plaintiff and others who would ordinarily use the steps of the dangerous condition.

30.     Schimmel informed Plaintiff that Schimmel was supposed to have fixed the stairs at the request of one of the Cassella Defendants prior to Plaintiff's accident, but had been delayed and had not done the requested work on the stairs / dock prior to the accident.

31.     None of the defendants took reasonable steps to place a warning on the steps regarding its dangerous condition nor to ensure that the dangerous steps were repaired in a reasonably timely manner.

32.     At all relevant times, Defendant Property Owner had the Elmira, New York facility under its exclusive care, custody, control, supervision, and maintenance, for the use and convenience of business visitors, employees, members of the public, and in particular, Plaintiff.

33.     In the alternative, at all relevant times, one or more of the Schimmel defendants had the subject dangerous steps in its exclusive care, custody, control, supervision, and maintenance of the dangerous steps.

34.     In the alternative, at all relevant times, one or more of the defendants shared the care, custody, control, supervision, and maintenance of the dangerous steps.

35.     At all relevant times, Plaintiff's presence on Defendant Property owner's premises was lawful, he was a business invitee on the premises.

36.     August 6, 2012 was Plaintiff's last day of active work with Defendant Employer.

37.     Due to the work-related injury on the premises of Property Owner, Plaintiff suffered a subsequent fall at his home where he broke his clavicle and obtained additional

6

injuries and worsened other injuries. The happening of this event was reasonably foreseeable and a proximate and direct result of the negligence of one or more of the defendants.

38.     Since August 6, 2012, Plaintiff has been unable to return to work.

39.     Plaintiff filed a Workers Compensation claim in Pennsylvania on August 14, 2012 which is still pending.

40.     Among the injuries caused by the falls are depression and anxiety which had been treated with Zoloft, having been paid by the Employee Benefits Plan.

41.     Without any notice, the Employee Benefits Plan abruptly terminated coverage which resulted in an adverse spiraling of his psychiatric state – causing Plaintiff to self-medicate with alcohol. According to Dr. Richard E. Fischbein, an expert psychiatrist, the affect of the abrupt termination of this psychotropic drug has resulted in Plaintiff's dire need for in-patient alcoholic rehabilitation.

42.     The Employer is believed to have terminated insurance coverage on August 1, 2013.

43.     Following Defendant Employer's termination of coverage of Plaintiff, Plaintiff did not receive a proper COBRA election notice as required by 29 U.S.C. §1166.

44.     This fact is confirmed when Scott C. Slavick, record custodian of Casella, provided all records in connection with Thomas Winter's employment when such records were sought in connection with the worker's compensation proceeding.  The records produced to which he affirmed were exhaustive did not include a COBRA notice. A copy of the Affidavit of Compliance is attached hereto as **Exhibit A**.

45.     To date, Plaintiff has not received a proper COBRA election notice.

## COUNT I – COBRA NOTICE VIOLATION
### Against Defendant Casella Waste System, Inc.

46.     Plaintiff incorporates the above paragraphs.

47.     COBRA defines "covered employee" as "an individual who is (or was) provided coverage under a group health plan by virtue of the performance of services by the individual for 1 or more persons maintaining the plan." 29 U.S.C. §1167(2).

48.     At all relevant times, Plaintiff was covered employee covered under the provisions of COBRA. 29 U.S.C. §1167(2).

49.     At all relevant times, Defendant Employer was the plan administrator, employer, and/or plan sponsors pursuant to the provisions of ERISA and the COBRA requirements. 29 U.S.C. §1167(4); 29 U.S.C. §1002(16)(A), (B).

50.     Defendant Employer provided Plaintiff with a "group health plan" as employees and/or beneficiaries.

51.     Defendant Employer's termination of Plaintiff's health insurance coverage on August 1, 2013 was a "qualifying event" pursuant to 29 U.S.C. §1163(2).

52.     Following the termination of Plaintiff's health insurance coverage, he was not timely notified of his rights pursuant to COBRA, in violation of 29 U.S.C. §1166(a)(2), (c).

53.     The Defendant Employer's failure to timely provide COBRA notice was done in bad faith, was willful and in reckless disregard of the law.

54.     As a direct and proximate result of the aforesaid unlawful acts of Defendant Employer, Plaintiff did not receive timely notice of his COBRA election rights and has suffered damages, including, but not limited to, the loss of health insurance benefits, the increased cost of obtaining health insurance benefits, the loss of coverage for medical expenses, increase financial

debt and distress, the aggravation and worsening of health conditions, and mental and emotional distress.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Casella Waste System, Inc. in whatever amount is shown to be established by the proofs in this cause, including, but not limited to Plaintiff's actual damages, the remedies/damages/penalties available to them as set forth in 29 U.S.C. §1132 and other damages/relief that this Court deems appropriate, together with interest, costs, and reasonable attorney fees.

## COUNT II
### Against Casella Waste Management of N.Y., Inc.

A.    **Compensatory Damages**

55.    Plaintiff incorporates the above paragraphs.

56.    At all relevant times, Defendant Property Owner had a duty and responsibility to operate and maintain, in a proper and safe condition, the premises on which Plaintiff was injured.

57.    At all relevant times, Defendant Property Owner had a duty to repair, supervise and/or maintain the dock and stairs / dock on which Plaintiff was injured.

58.    At all relevant times, Property Owner retained control over the premises or was contractually obligated to perform maintenance and repairs and/or had the right to inspect the premises and contracted for the repair of the dangerous defect to the stairs / dock.

59.    The subject property is located at 1618 Sears Rd., Horseheads, New York, 14903 which was leased to Employer.

60.    At all relevant times, Plaintiff acted with reasonable caution and care for his own safety.

61.     At all relevant times, the Property Owner and/or agents working on its behalf, were on <u>actual</u> notice that the stairs / dock were dangerous, in considerable unsafe disrepair, and should not have been used.

62.     The Property Owner or its agents had contracted with Schimmel to repair the stairs / dock, however, failed to close-down the stairs / dock until such were repaired.

63.     No warning signs nor tape were placed on the dangerous stairs to alert Plaintiff and others of the known inherently dangerous condition.

64.     The failure to post warnings and the hazardous condition of the stairs relating to the inadequate design and/or structure violated applicable statutes, regulations, and administrative and building codes.

65.     Property Owner and/or Employer is believed to have deliberately failed to preserve evidence, including photographic evidence, of the state of the disrepair so that Plaintiff's expert can reasonably opine as to all statutory, regulatory, and administrative / code violations.

66.     At all relevant times, Plaintiff was severely injured through no fault of his own.

67.     At all relevant times, Plaintiff was a business invitee.

68.     At all relevant times, Plaintiff has acted to mitigate any and all damages sustained as a result of the dangerous premises owned and operated by Defendant Property Owner.

69.     The dock and stairs where Plaintiff was injured was in disrepair, and created an unreasonably dangerous condition on the property, which led to the dock and stairs breaking beneath Plaintiff, who used the dock and stairs for their intended and known purpose.

70.     Defendant Property Owner's failure to keep the dock and stairs in a reasonably safe condition caused physical and mental harm to Plaintiff as a result of the dangerous

conditions caused by the part of the land controlled and maintained by Defendant Property Owner.

71.     In the alternative (or in addition), Defendant Property Owner's exercise of reasonable care should have and would have discovered the condition and unreasonable risk involved herein, and should have made the condition safe, though failed to do so.

72.     In the alternative (or in addition), Defendant Property Owner concealed or failed to disclose to Plaintiff the dangerous condition on the property, which involved an unreasonable risk of physical harm to Plaintiff.

73.     In the alternative (or in addition), at all relevant times, Plaintiff did not know or have reason to know of the dangerous conditions or risks involved, though Defendant Property Owner knew or had reason to know of such dangerous conditions, appreciated, realized, or should have realized the risk involved, and had reason to expect that Plaintiff would not discover the dangerous condition or realize the risk.

74.     In addition, Defendant Property Owner further breached its duty to exercise reasonable care under the circumstances in the following ways:

    a.    Negligent hiring, training, supervision, and retention of maintenance personnel to ensure that reasonable inspections were performed on a reasonably frequent basis and that the dangerous conditions at issue were detected and adequately remedied;

    b.    Failing to maintain its premises in a reasonably safe condition for the contemplated use thereof and for the purpose for which the invitation to Plaintiff was extended;

    c.    Failing to make a reasonable inspection of the premises;

    d.    Failing to detect the dangerous condition of the dock and stairs;

    e.    Failing to implement adequate safeguards, including warnings;

      f.      Failure to replace and/or repair the dock and stairs which were in disrepair;

      g.      Negligent maintenance;

      h.      Negligent inspection;

      i.      Negligent repair; and,

      j.      Otherwise failing to exercise due care under the circumstances as may be determined through discovery or at the time of trial.

75.    As a direct and proximate result of the Property Owner's negligence, Plaintiff suffered numerous severe injuries, including injury to both of his shoulders, hips, and ribs, aggravation to COPD, vasovagal syncope, emotional distress, lost earnings, reduced or permanently impaired earning capacity, deprivation of the ordinary pleasures of life, costs for past and/or future medical treatment.

**b.      Punitive Damages**

76.    Property Owner, or its agents, KNEW that the stairs were in disrepair.

77.    The Property Owner acted recklessly, wantonly, and with a conscious disregard to the known risk that anyone who would use the dangerous dock and stairway would likely fall through the stairs, failed to repair the stairs or otherwise stop people from using it (i.e., marking it off with tape, barriers, or signage). Such conduct has a high degree of moral culpability, was so reckless and wantonly negligent as to be the equivalent with and in conscious disregard to the rights and safety of the general public, including Plaintiff.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Casella Waste Management of N.Y., Inc. in whatever amount is shown to be established by the proofs in this cause, including an award of punitive damages, together with interest, costs, and reasonable attorney fees.

## COUNT III

**Against Charles E. Schimmel, Sr. individually and t/d/b/a Schimmel & Sons Building & Maintenance, Schimmel & Sons Building & Maintenance, a general partnership, Charles E. Schimmel, Jr., and Jacob F. Schimmel**

**A.     Compensatory Damages**

78.     Plaintiff incorporates the above paragraphs.

79.     At all relevant times, Schimmel had a duty to all individuals who use the stairs and dock to

repair the subject stairs and dock in a timely manner.

80.     At all relevant times, Schimmel had a duty to block off access to the stairs, or

inform one or more of the Casella Defendants that access to the stairs and dock should have been

blocked, because of their dangerous and/or defective condition.

At all relevant times Schimmel had a duty to post signs or otherwise warn potential users of the

stairs and dock that they were not safe.

81.     At all relevant times, Schimmel was on notice that the stairs and dock were

dangerous, in considerable unsafe disrepair, were in need of urgent repair, and/or should not

have been used.

82.     At all relevant times, Plaintiff acted with reasonable caution and care for his own

safety.

83.     Plaintiff was severely injured through no fault of his own.

84.     At all relevant times, Plaintiff was a business invitee.

85.     At all relevant times, Plaintiff has acted to mitigate any and all damages sustained

as a result of the dangerous premises owned and operated by Defendant Property Owner and left

unrepaired by Schimmel.

86.     The dock and stairs where Plaintiff was injured was in disrepair, which led to the stairs breaking beneath Plaintiff, who used the dock and stairs for their intended and known purpose.

87.     Schimmel's failure to repair the stairs in a timely manner caused physical and mental harm to Plaintiff.

88.     In addition, Schimmel further breached its duty to exercise reasonable care under the circumstances in the following ways:

      a.     Failing to repair and/or replace the stairs and dock in the time frame requested by the Casella Defendant(s);

      b.     Failing to repair the stairs and dock in a timely manner;

      c.     Failing to warn the Plaintiff and/or the Casella Defendant(s) and/or others of the dangerous conditions of the stairs and dock;

      d.     Failing to implement adequate safeguards, including warnings;

      e.     Otherwise failing to exercise due care under the circumstances as may be determined through discovery or at the time of trial.

89.     As a direct and proximate result of Schimmel's negligence, Plaintiff suffered numerous severe injuries, including injury to both of his shoulders, hips, and ribs, aggravation to COPD, vasovagal syncope, emotional distress, lost earnings, reduced or permanently impaired earning capacity, deprivation of the ordinary pleasures of life, costs for past and/or future medical treatment.

**b.     Punitive Damages**

90.     Plaintiff incorporates the above paragraphs.

91.     Schimmel, or its agents, KNEW that the stairs and dock were in disrepair.

92.     Schimmel, or its agents, had been hired to repair the stairs and dock.

93.     Schimmel did not repair or replace the stairs in a timely manner or in the time

period in which it was asked to by the Casella Defendant(s).

94.    Schimmel did not warn the Casella Defendant(s), the Plaintiff, or others of the dangerous conditions of the stairs.

95.    Schimmel acted recklessly, wantonly, and with a conscious disregard to the known risk that anyone who would use the dangerous dock and stairway would likely fall through the stairs, failed to repair the stairwell in the time requested or in a timely manner or otherwise stop / warn people from using it (i.e., marking it off with tape, barriers, or signage). Such conduct has a high degree of moral culpability, was so reckless and wantonly negligent as to be the equivalent with and in conscious disregard to the rights and safety of the general public, including Plaintiff.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against the Schimmel Defendants jointly and severally in whatever amount is shown to be established by the proofs in this cause, including an award of punitive damages, together with interest, costs, and reasonable attorney fees.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan, Esq.
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI  48323
T: (248) 562-1320
F: (888) 769-1774
*Attorneys for Plaintiff*

## AFFIDAVIT OF COMPLIANCE

I, _Scott C. Scavick_ , the undersigned, being duly sworn according to law, depose and say, pursuant to 18 Pa. CS. §4904, as follows:

(1) I am the duly authorized custodian of records for Casella Waste Systems, Inc.

(2) The records attached hereto are true and correct copies of all personnel related records in my custody pertaining to Tom Winters.

(3) A careful search has been made by me or at my direction and supervision, and the records produced constitute all records relating to Tom Winters' employment.

_____          7/3/14
Signature of Custodian                          Date

**EXHIBIT**

**A**

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2015.

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan, Esq.
Shenkan Injury Lawyers, LLC.
6550 Lakeshore St.
West Bloomfield, MI  48323
T: (248) 562-1320
F: (888) 769-1774
*Attorneys for Plaintiff*